IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: PFOHL BROTHERS LANDFILL LITIGATION | MASTER FILE 95-CV-0020A |
| This Document Relates to: | |
| UNITED STATES DISTRICT COURT: WESTERN DISTRICT OF NEW YORK | |
| Mary Ann Boxhorn C.A. 95-CV-444 | |
| Mary Ann Boxhorn, Executrix of the Estate of Annabel Foisset, Deceased, | |
| Plaintiff(s), | |
| vs. | ORDER FOR LEAVE TO COMPROMISE CERTAIN CAUSES OF ACTION FOR WRONGFUL DEATH AND SURVIVAL CLAIMS OF THE DECEDENT |
| Westinghouse Electric Corporation, et al, | |
| Defendants. | |
| | CIVIL ACTION NO. 95-CV-444 *CONSENT* |

Upon reading and filing the petition of Mary Ann Boxhorn, sworn to April 18, 2005, in which application was made for leave to compromise certain causes of action against American Standard, Inc., Browning-Ferris Industries of New York, Inc., Browning-Ferris Industries, Inc., Allied Waste North America, Inc., Allied Waste Industries, Inc., Unifrax Corporation, The Carborundum Company, Curtiss Wright Corporation, DII Industries, LLC, successor to Dresser Industries, Inc., E.I. du Pont de Nemours and Company, Ford Motor Company, General Motors Corporation, Allied Waste Systems, Inc., Laidlaw Waste Systems, Inc., GSX Polymers, Inc., Litton Systems, Inc. (sometimes erroneously sued as Litton Industries, Inc.), New York State Electric & Gas Corporation, Occidental Chemical Corporation, Trico Products Corporation, Warner-Lambert Company LLC sued as Warner-Lambert Company, Waste

Management of New York LLC, Waste Management of New Jersey, Inc., Howden Fan Company, f/k/a Buffalo Forge Company, Inc., ExxonMobil Oil Corporation, Goldman Titanium, Inc., formerly known as GCF, Inc., Chapin & Fagin Division, Viacom Inc. (successor to CBS Corporation f/k/a Westinghouse Electric Corporation), Burt Rigid Box, Inc. and Niagara Mohawk Power Corporation (hereinafter, collectively "the settling defendants") in the sum of $55,027.83 gross, upon the affirmation of Laura Baughman, dated April 15, 2005, attorney for the plaintiff; upon the Letters Testamentary issued to Mary Ann Boxhorn on July 7, 1997; upon the annexed exhibits, and upon all pleadings and proceedings heretofore had herein,

And the court having obtained jurisdiction over all necessary and proper parties to the proceedings, And the matter having come on to be heard,

And, it appearing to the satisfaction of the court that there is good and sufficient reason to permit the petitioner, Mary Ann Boxhorn, to compromise this action, and to discontinue, with prejudice, this action against defendants listed above ("settling defendants"),

And, it appearing further that the petitioner is willing to accept the compromise and the settling defendants and their representatives are willing to pay the same as directed by an Order of this court;

NOW, on the motion of Baron & Budd, attorneys for the plaintiffs/petitioner, it is

ORDERED, ADJUDGED and DECREED, that the causes of action brought by and on behalf of the Estate of Annabel Foisset for survival damages, conscious pain and suffering and wrongful death of the decedent against defendants listed above, hereby is discontinued with prejudice and without costs; and it is further,

ORDERED, ADJUDGED and DECREED that the proceeds of this settlement be and the same hereby are attributed to the cause of action ONE HUNDRED (100%) PERCENT for conscious

pain and suffering, and it is further,

ORDERED, ADJUDGED and DECREED that the survival action, wrongful death action and all other actions against the settling defendants, as listed above, only, are discontinued with prejudice and without costs; and it is further,

ORDERED, ADJUDGED and DECREED that the plaintiff, Mary Ann Boxhorn, is hereby authorized and empowered to deliver a general release and such other documents as are needed to effectuate this settlement; and it is further,

ORDERED, ADJUDGED and DECREED that the proceeds of the above settlement shall then be distributed as set forth in the accompanying Petition of Mary Ann Boxhorn, dated April 18, 2005, and it is further,

ORDERED, ADJUDGED and DECREED that disbursements of case expenses totaling $25,172.47 and attorneys' fees in the amount of $7,585.69 were approved by this Court's Order dated December 8, 2004 and found to be reasonable and necessarily incurred; and it is further,

ORDERED, ADJUDGED and DECREED that the balance of the net proceeds be distributed as follows:

> 1. To pay the Estate of Annabel Foisset as and for the share of the proceeds for conscious pain and suffering .............................................................................$ 22,269.67

TOTAL NET SETTLEMENT TO BE DISBURSED......... $ 22,269.67

And it is further,

ORDERED, ADJUDGED and DECREED that the giving of a bond or other security in connection therewith be dispensed with, and the restrictions on the Letters Testamentary (if any) are modified to allow the compromise, collection and distribution of the settlement monies, and it is further,

ORDERED, ADJUDGED and DECREED that conditioned upon compliance with the terms of this ORDER, the plaintiffs shall be discharged and released from all matters and things embraced in this ORDER and all settling defendants are discharged from all further liability in accordance with and pursuant to the settlement herein.

Dated: July 7th, 2005

SO ORDERED:

HON. LESLIE G. FOSCHIO
UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK