IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: PFOHL BROTHERS LANDFILL LITTGATION | :    **MASTER FILE** :    95-CV-0020A |

This Document Relates to:

UNITED STATES DISTRICT COURT:
WESTERN DISTRICT OF NEW YORK

Linda R. Kistka C.A. 96-CV-395

Linda R. Kistka, Executrix of the Estate of
Nelson M. Hirsch, Deceased,

        Plaintiff (s),

vs.

Westinghouse Electric Corporation, et al,

        Defendants.

PETITION FOR LEAVE TO
COMPROMISE CERTAIN CAUSES
OF ACTION FOR WRONGFUL
DEATH AND SURVIVAL CLAIMS
OF THE DECEDENT

CIVIL ACTION NO.
96-CV-395

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner, Linda R. Kistka, in accordance with the provisions of EPTL § 5-4.6 and Rule 207.38 of the Uniform Rules for Surrogate's Court, respectfully shows and alleges:

1.    Petitioner is the Executrix and surviving daughter of the above named decedent and presently resides at ███████████████████████████

2.    The decedent died a resident of the Town of Amherst, of Erie County, New York on November 17, 1993; and had resided at ████████████████████████ until his death. (See

Exhibit "A")

3.    On January 28, 1994, Letters Testamentary were issued to Petitioner by the Surrogate's Court, Erie County, New York. To date, said letters have not been revoked and are presently in full force and effect. No bond was required of your Executrix to cover any probable amount to be realized from said action. (See Exhibit "B").

4.    The decedent was a man residing near the Pfohl Brothers landfill during which time Petitioner alleges that decedent was exposed to toxic chemicals and substances released from the Pfohl Brothers landfill through migration via the air and water.

5.    The decedent, at the time of his death, was 73 years of age, having been born on ███████

███████

6.    Petitioner alleges that the injuries that resulted in the decedent's death were sustained over a period of years as a result of decedent's exposure to toxic chemicals and substances. In or about 1993, the decedent was diagnosed with colon cancer and succumbed to the disease on November 17, 1993.

7.    On June 17, 1996, an action for pain and suffering and wrongful death was commenced in the United States District Court Western District of New York, against numerous transporters, releasers and disposers of hazardous substances into the Pfohl Brothers landfill, such action herein referred to as the "Lawsuit". Thereafter, negotiations were entered into with the representatives of various defendants. A combined settlement from defendants American Standard, Inc., Browning-Ferris Industries of New York, Inc., Browning-Ferris Industries, Inc., Allied Waste North America, Inc., Allied Waste Industries, Inc., Unifrax Corporation, The Carborundum Company, Curtiss Wright Corporation, DII Industries, LLC, successor to Dresser Industries, Inc., E.I. du Pont de Nemours and Company, Ford Motor Company, General Motors Corporation, Allied Waste Systems, Inc., Laidlaw Waste Systems, Inc., GSX Polymers, Inc., Litton Systems, Inc. (sometimes erroneously sued as Litton Industries, Inc.), New York

State Electric & Gas Corporation, Occidental Chemical Corporation, Trico Products Corporation, Warner-Lambert Company LLC sued as Warner-Lambert Company, Waste Management of New York LLC, Waste Management of New Jersey, Inc., Howden Fan Company, f/k/a Buffalo Forge Company, Inc., Exxon Mobil Oil Corporation, Goldman Titanium, Inc., formerly known as GCF, Inc., Chapin & Fagin Division, Viacom Inc. (successor to CBS Corporation f/k/a Westinghouse Electric Corporation), Burt Rigid Box, Inc. and Niagara Mohawk Power Corporation in the Lawsuit has been negotiated, totaling $110,055.65 gross.

8.    Petitioner believes that it is in the best interest of the estate of the decedent and those interested therein to accept the settlements so offered and that this is the largest amount that can be obtained, from the above listed defendants, without further litigation and expense. The grounds of Petitioner's belief are based on the reasons stated in the affidavit dated ___November 6___, 2006 of Laura Baughman, Esq. and submitted herewith.

9.    The decedent, at the time of death, left the following survivors:

| Name | Relationship | Date of Birth | Present Age |
|------|--------------|---------------|-------------|
| Linda R. Kistka | Daughter/Petitioner | ▬▬▬▬ | 58 |
| Penny E. Burkhardt | Daughter | ▬▬▬▬ | 61 |
| Jay Hirsch | Son | ▬▬▬▬ | 47 |
| David Hirsch | Son | ▬▬▬▬ | 65 |
| Diane Leising | Daughter | ▬▬▬▬ | 50 |
| Michael Hirsch | Son | ▬▬▬▬ | deceased |
| Mickey Hunt | Daughter | ▬▬▬▬ | deceased |

The decedent had no children born out of wedlock.

10.    On or about February 10, 1995, the Petitioner retained the law firms of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP and Baron & Budd, P.C. (the "attorneys") to commence and prosecute claims for decedent's pain and suffering and wrongful death sustained by virtue of decedent's

exposure to toxic chemicals and substances. (See Exhibit "C").

11.    Following the negotiations and resultant settlement offers enumerated above, applications were presented before this court to whom the underlying wrongful death and pain and suffering action is assigned, for approval of the adequacy of the settlements, attendant costs and disbursements and attorney fees emanating therefrom. This Court's Order dated December 8, 2004 approving the adequacy of the settlements and award of reimbursement of expenses and attorney fees, in accordance with the laws of the State of New York, is annexed as Exhibit "D."

12.    Petitioner has been advised that the proceeds of an action for wrongful death are allocated according to the pecuniary loss sustained by the decedent's distributees.

13.    At the time of death, the decedent was 73 years of age and had a life expectancy of 10.4 years, based on the table of vital statistics. (See Exhibit "E")

14.    Petitioner, as Executrix,   makes a claim for statutory commissions pursuant to § 2307 SCPA and EPTL §5-4.4(b) in the amount of $2,846.69 and requests the waiver of the filing of a surety bond.

15.    Petitioner has paid decedent's funeral bill. No reimbursement is sought. There are no medical bills or hospital bills outstanding and there are no assignments, compensation claims or liens filed with Petitioner as Executrix.  To date, no workers' compensation benefits have been paid to the estate of Nelson M. Hirsch or the Petitioner.

16.    Petitioner has been advised that the proceeds of the conscious pain and suffering action which are part of the Lawsuit pass through the decedent's estate in accordance with the Last Will and Testament of Nelson M. Hirsch (See Exhibit "F") and the laws of the State of New York.

17.    The decedent's children and grandchild, to wit, Penny E. Burkhardt, Jay Hirsch, David Hirsch, Diane Leising, and Cindy Gilbert, daughter of deceased child Mickey J. Hunt and the New York

State Department of Finance and Taxation have executed Waiver and Consents to the proposed settlement and distribution. (See Exhibit "G")

18.     No previous application has been made for the relief sought herein.

19.     Petitioner desires leave of this Court to discontinue the action for conscious pain and suffering and allocate 100% to the cause of action for wrongful death and to pay the net settlement as follows:

100% divided equally between the children of Nelson M. Hirsch:

Linda R. Kistka
Penny E. Burkhardt
Jay Hirsch
David Hirsch
Diane Leising
Estate of Michael Hirsch
Estate of Mickey J. Hunt

20.     The only persons interested in this proceeding entitled to notice thereof are the following:

| Name | Relationship | Address |
|------|-------------|---------|
| Linda R. Kistka | Daughter/Petitioner /Voluntary Administrator for Estate of Michael Hirsch | ██████████ |
| Penny E. Burkhardt | Daughter | ██████████ |
| Jay Hirsch | Son | ██████████ |
| David Hirsch | Son | ██████████ |
| Diane Leising | Daughter | ██████████ |

-5-

| Cindy Gilbert | Daughter and Voluntary Administrator for Estate of Mickey J. Hunt | ██████████ |
| N.Y.S. Tax Commission | Possible Creditor | N.Y.S. Dept. of Taxation & Finance W.A. Harriman Campus Albany, N.Y. 12227 |

All of the above persons are of sound mind, are of full age, and are citizens of the United States, and none are under a disability.

21.    Petitioner has not become interested in the within matter at the instance of the defendants or anyone acting on behalf of the defendants, directly or indirectly.

22.    Based on the interval between the onset of decedent's exposure to toxic substances and the decedent's death, the life expectancy of the decedent, and on all the facts and circumstances previously considered by this Court, Petitioner proposes to apportion the net settlement proceeds available for distribution as follows:

        100% Wrongful Death

23.    Petitioner proposes distribution of the net settlement proceeds of $ 54,087.12 as follows:

| **Name of Recipient** | **Amount** | **Relating to** |
|---|---|---|
| To the Children, in equal shares of Mr. Nelson M. Hirsch | 100% of $ 54,087.12 or $ 54,087.12 | Pecuniary loss by Linda R. Kistka Penny E. Burkhardt Jay Hirsch David Hirsch Diane Leising Estate of Michael Hirsch Estate of Mickey J. Hunt |

**WHEREFORE**, your Petitioner prays for a Decree authorizing her as Executrix of the Estate of Nelson M. Hirsch,

A.   To pay the children of Nelson M. Hirsch as and for their share of the net settlement proceeds of the Lawsuit for the wrongful death of Nelson M. Hirsch, the sum of $54,087.12 divided equally between them.

B.   To dispense with the filing of a bond;

C.   To lift the restrictions in the Letters Testamentary (if any) and modify Letters to be full and complete to permit said compromise.

D.   Any other further relief as the Court may deem just and proper.

Dated: July 7, 2006

_Linda R Kistka_
Linda R. Kistka

STATE OF New York )
                  )  SS;
COUNTY OF Erie    )

Linda R. Kistka, being duly sworn, deposes and says that she is the petitioner in the within action, that she has read the foregoing petition and knows the contents thereof that the same is true of her own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters she believes them to be true.

Sworn to before me this

7th day of July, 2006.

_Linda King_
Notary Public

LINDA KENSINGER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires 3/9/10

-7-

Laura Baughman
Baron & Budd, P.C.
3102 Oak Lawn Ave. Ste. 1100
Dallas, TX 75219-4281
214-521-3605

And

Robert Boreanaz
Laraine Kelley
George Riedel
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP
42 Delaware Ave.  Suite 300
Buffalo, NY   14202-3857

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

IN RE: PFOHL BROTHERS LANDFILL
      LITIGATION

                        :      MASTER FILE
                        :      95-CV-0020A

This Document Relates to:

UNITED STATES DISTRICT COURT:
WESTERN DISTRICT OF NEW YORK

Linda Kistka C.A. 96-CV-395

Linda Kistka, Executrix of the Estate of Nelson
M. Hirsch, deceased,

              Plaintiff (s),

vs.

Westinghouse Electric Corporation., et al,

              Defendants.

      :      ATTORNEY'S AFFIRMATION IN
      :      SUPPORT OF PETITION FOR LEAVE
      :      TO COMPROMISE CERTAIN
      :      CAUSES OF ACTION FOR
      :      WRONGFUL DEATH AND
      :      SURVIVAL CLAIMS OF THE
      :      DECEDENT

      :          CIVIL ACTION NO.
      :          96-CV-395

TO THE HONORABLE JUDGE OF SAID COURT:

      Laura Baughman, an attorney duly admitted to practice law before the Courts of the State of New

York, affirms the following under the penalties of perjury:

      1. I am associated with the firm of Baron & Budd, P.C., attorneys for the Petitioner herein, and

as such, am fully familiar with the facts and circumstances of the within petition.

      2. This affirmation is made in support of the application of Petitioner, Linda Kistka, as Executrix

of the Estate of Nelson M. Hirsch, seeking leave to compromise certain causes of action herein and to apportion and disburse said settlements.

3. The Petitioner, Linda Kistka, retained the law firm of Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP and Baron & Budd, P.C. on February 10, 1995 to commence and prosecute any causes of action for injuries and damages caused by decedent's exposure to toxic chemicals and substances.

4. After being retained, a thorough and comprehensive examination into the facts and circumstances surrounding the decedent's personal injuries and subsequent death was conducted by this office, including obtaining and analyzing hospital records, medical records; establishing exposure to toxic chemicals and substances; and developing decedent's income potential and family background.

5. On June 17, 1996 an action for pain and suffering and wrongful death was commenced in the United States District Court Western District of New York, against numerous companies alleged to be responsible for transportation, release and disposal of hazardous substances onto the Pfohl Brothers landfill. Prior to the commencement of the suit, the decedent succumbed to colon cancer on November 17, 1993.

6. Letters Testamentary were granted to the decedent's daughter, Linda Kistka, on January 28, 1994 by the Erie County Surrogate's Court.

7. After intensive discovery and during pre-trial negotiations, Petitioner was offered settlements by: American Standard, Inc., Browning-Ferris Industries of New York, Inc., Browning-Ferris Industries, Inc., Allied Waste North America, Inc., Allied Waste Industries, Inc., Unifrax Corporation, The Carborundum Company, Curtiss Wright Corporation, DII Industries, LLC, successor to Dresser Industries, Inc., E.I. du Pont de Nemours and Company, Ford Motor Company, General Motors Corporation, Allied Waste Systems, Inc., Laidlaw Waste Systems, Inc., GSX Polymers, Inc., Litton Systems, Inc. (sometimes erroneously sued as Litton Industries, Inc.), New York State Electric & Gas Corporation, Occidental

Chemical Corporation, Trico Products Corporation, Warner-Lambert Company LLC sued as Warner-Lambert Company, Waste Management of New York LLC, Waste Management of New Jersey, Inc., Howden Fan Company, f/k/a Buffalo Forge Company, Inc., ExxonMobil Oil Corporation, Goldman Titanium, Inc., formerly known as GCF, Inc., Chapin & Fagin Division, Viacom Inc. (successor to CBS Corporation f/k/a Westinghouse Electric Corporation), Burt Rigid Box, Inc. and Niagara Mohawk Power Corporation (hereinafter, collectively "the Settling Defendants"). Petitioner did not sue some of the Settling Defendants; however, the Settling Defendants have been sued by other Plaintiffs in the New York Supreme Court, Erie County (the "State Court Plaintiffs"). Some State Court Plaintiffs have asserted against the Settling Defendants, in multiple complaints, wrongful death and personal injury actions similar in nature and causation to this action. Some State Court Plaintiffs have asserted property damage or medical monitoring claims against the Settling Defendants based on exposure to the same source (the Pfohl Brothers Landfill) and the same set of liability facts. Moreover, even if not sued directly by Petitioner in federal court, almost all of the Settling Defendants were sued as third-party Defendants in the federal court cases (including this case), and as such negotiated settlements and releases with both the State Court Plaintiffs and the Federal Court Plaintiffs, including Petitioner herein. The Petitioner, as Executrix of the Estate of Nelson M. Hirsch, was offered the combined sum of $110,055.65 gross, to settle and discontinue the action against these defendants.

8. In addition to the complexities and risks inherent in taking any case to trial, certain factors unique to this complex, multi-party toxic tort case weigh heavily in favor of this settlement.

9. An attorney from Baron & Budd has conferred with Petitioner concerning the total gross settlement offers obtained and the justification for accepting these offers and the Petitioner has indicated that the amounts offered are satisfactory to her.

10. Upon information and belief, the funeral, hospital and medical bills have been paid and none

-3-

are left outstanding.

11.    Following the negotiations and resultant settlement offers enumerated above, applications were presented before this Court to whom the underlying wrongful death and pain and suffering action is assigned, for approval of the adequacy of the settlements, attendant costs and disbursements and attorney fees emanating therefrom. This Court's Order dated December 8, 2004 approving the adequacy of the settlements, award of reimbursement of expenses, and attorney fees, in accordance with the laws of the State of New York, is annexed as Exhibit "D."

12.    This law firm will prepare all papers necessary to accomplish said settlement and obtain approval of this Court and do whatever is necessary on behalf of the Estate and next of kin.

13.    This law firm has not become concerned in this action at the request of the defendants or their attorneys or representatives. Any compensation to be received by way of fees herein is to be paid out of the proceeds of the settlement and not otherwise. Baron & Budd and/or co-counsel Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP have a written retainer with the decedent herein providing a fee of 33 1/3% of the net recovery, which your deponent submits is fair and reasonable in light of all the facts and circumstances.

14.    No additional fees will be charged to the Estate in connection with legal services performed by Baron & Budd, P.C. and Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP, for services unrelated to the toxic tort lawsuit.

15.    This office has conducted a search of the Office of the Surrogate's Court in Erie County, where the decedent resided at the time of his death and where the Estate has been probated and upon such investigation, no judgment or lien has been filed against the Estate.

16.    Further investigation with the Estate's Probate counsel reveals no current or known contest of the appointment of the Executrix and Waiver and Consents have been executed by all known surviving

-4-

immediate next of kin.

17. Upon information and belief, no parties interested in the proceedings are recipients of welfare benefits from the Department of Social Services and no liens to said Department are presently due and owing.

18. In light of the above, your Affirmant previously requested of this court, approval of the sum of $28,466.91 for attorney fees (which this office believes constitutes a fair and reasonable sum for services rendered in connection with this matter relating to the settlement indicated above) together with approval of the disbursements for costs expended during the course of litigation totaling $24,654.93. The foregoing were approved by the Order of this Court on December 8, 2004 (Previously annexed as Exhibit "D").

19. It is therefore respectfully requested that Your Honor grant leave to apportion and disburse the settlement proceeds as enumerated above.

20. No previous application for the relief requested herein has been made to any court or judge.

WHEREFORE, it is respectfully requested that an Order be issued from this Court affirming the allocation and distribution of the within settlement together with such other relief that this Court deems proper.

Dated: _Nov. 6_ , 2006
    Dallas, TX

 

Laura Baughman
Baron & Budd P.C.
3102 Oak Lawn Ave. Suite 1100
Dallas, TX 75219-4281
214-521-3605

# Exhibit A

**NEW YORK STATE**
**DEPARTMENT OF HEALTH**

# CERTIFICATE OF DEATH

RECORDED DISTRICT
1451

REGISTER NUMBER
653

STATE FILE NUMBER

RESIDENCE

NCHS

**1. NAME: FIRST** Nelson **MIDDLE** M. **LAST** Hirsch
**2. SEX** MALE ☒ FEMALE ☐
**3A. DATE OF DEATH** MONTH 11 DAY 17 YEAR 93
**3B. HOUR** 7:00 A m

**4A. PLACE OF DEATH:** (Check only one)
HOSPITAL DOA ☐ 1  ER ☐  HOSPITAL OUTPATIENT ☐ 2  HOSPITAL INPATIENT ☐ 3  NURSING HOME ☐  PRIVATE RESIDENCE ☒  OTHER (Specify)
**4B. IF FACILITY DATE ADMITTED:** N/A  MONTH DAY YEAR

**4C. NAME OF FACILITY** (If not facility give address)
**4D. LOCALITY** (Check one and specify) CITY OF ☐  VILLAGE OF ☐  TOWN OF ☒ ▮▮▮
**4E. COUNTY OF DEATH**

**4F. MEDICAL RECORD NO.** N/A
**4G. WAS DECEDENT TRANSFERRED FROM ANOTHER INSTITUTION?** (If yes, specify institution name, city or town, county and state) NO ☒ YES ☐

**5. DATE OF BIRTH:** MONTH ▮▮ DAY ▮▮ YEAR ▮▮
**6. AGE:** 73 yrs.  IF UNDER 1 YEAR months days  IF UNDER 1 DAY hours min
**7A. CITY AND STATE OF BIRTH** (Country if not U.S.A.) Williamsville, New York
**7B. IF AGE UNDER 1 YEAR: NAME OF HOSPITAL OF BIRTH**

**8. SERVED IN U.S. ARMED FORCES?** NO ☐ YES ☒ (Specify years) WWII
**9. RACE:** (Black, White, etc.) White
**10. HISPANIC ORIGIN?** (If yes, specify) NO ☒ YES ☐
**11. DECEDENT'S EDUCATION** (Specify only highest grade completed) Elementary/Secondary (0-12) N/A  College (1-4 or 5+)

**12. SOCIAL SECURITY NUMBER:** ▮▮▮
**13. MARITAL STATUS:** NEVER MARRIED ☐ 1  MARRIED OR SEPARATED ☐ 2  WIDOWED ☒ 3  DIVORCED ☐ 4
**14. SURVIVING SPOUSE** (If wife, provide maiden name)

**15A. USUAL OCCUPATION:** (Do not enter retired) Tool and Dye Setter
**15B. KIND OF BUSINESS OR INDUSTRY** Automotive
**15C. NAME AND LOCALITY OF COMPANY OR FIRM.** Chevrolet

**15A. STATE** New York
**15B. COUNTY** Erie
**15C. LOCALITY** (Check one and specify) CITY OF ☐  VILLAGE OF ☐  TOWN OF ☒ Amherst
**15E. IF CITY OR VILLAGE IS RESIDENCE OR VILLAGE LIMITS** ☐ YES ☐ NO IF NO SPECIFY TOWN.

**15D. STREET AND NUMBER OF RESIDENCE:** ▮▮▮
**15E. ZIP CODE:**
Amherst

**17. NAME OF FATHER:** FIRST Albert  MI  LAST Hirsch
**18. MAIDEN NAME OF MOTHER:** FIRST Christina  MI  LAST Kohlbrenner

**19A. NAME OF INFORMANT:** Mrs. Matthew Kistka
**19B. MAILING ADDRESS:** (Include zip code)

**20A. BURIAL, CREMATION, REMOVAL OR OTHER DISPOSITION** (Specify) Burial  MONTH 11 DAY 20 YEAR 93
**20B. PLACE OF BURIAL, CREMATION, REMOVAL OR OTHER DISPOSITION.** Williamsville Cemetery
**20C. LOCATION** (City or town and state) Williamsville, New York

**21A. NAME AND ADDRESS OF FUNERAL HOME** Beach-Tuyn Funeral Home Inc. 5541 Main St. Williamsville, New York 14221
**21B. REGISTRATION NUMBER** 0C129

**22A. NAME OF FUNERAL DIRECTOR** Gregg S. Berwick
**22B. SIGNATURE OF FUNERAL DIRECTOR** Gregg S. Berwick
**22C. REGISTRATION NUMBER** 00364

**23A. SIGNATURE OF REGISTRAR:** Camilla Walin
**23B. DATE FILLED** MONTH 11 DAY 18 YEAR 93
**24A. BURIAL OR REMOVAL PERMIT ISSUED BY** Camilla Walin
**24B. DATE ISSUED** MONTH 11 DAY 14 YEAR 93

**ITEMS 25 - 33 COMPLETED BY CERTIFYING PHYSICIAN** — OR — **ITEMS 25 - 33 COMPLETED BY CORONER OR MEDICAL EXAMINER**

**25A. TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE TIME, DATE AND PLACE AND DUE TO THE CAUSES STATED.**
SIGNATURE: Robert Milch
MONTH 11 DAY 17 YEAR 93

**25A. ON THE BASIS OF INVESTIGATION AND SUCH EXAMINATIONS AS I FELT NECESSARY, IN MY OPINION DEATH OCCURRED AT THE TIME, DATE AND PLACE AND DUE TO THE CAUSES STATED.**
SIGNATURE AND TITLE: ▶
CORONER ☐  CORONER'S PHYSICIAN ☐  MEDICAL EXAMINER ☐

**25B. THE PHYSICIAN ATTENDED THE DECEASED** FROM MONTH 11 DAY 17 YEAR 93 TO MONTH 11 DAY 17 YEAR 93
**25C. LAST SEEN ALIVE:** MONTH 11 DAY 17 YEAR 93
**25B. PRONOUNCED DEAD** ON MONTH DAY YEAR
**25C. HOUR** m
**25D. DATE SIGNED** MONTH DAY YEAR

**25D. NAME OF ATTENDING PHYSICIAN:** Dr. Robert Milch MD
**25D. ATTENDING PHYSICIAN LICENSE NUMBER** 105208
**25E. SIGNATURE OF CORONER OR CORONER'S PHYSICIAN, IF OTHER THAN CERTIFIER**

**26. NAME AND ADDRESS OF CERTIFIER WHO SIGNED** Dr. Robert Milch MD 4226 Ridge Lea Rd. Amherst NY 14226
**25F. ME/COR. PHYS. LICENSE NUMBER**

**27. MANNER OF DEATH:** NATURAL CAUSE ☒ 1  ACCIDENT ☐ 2  HOMICIDE ☐ 3  SUICIDE ☐ 4  UNDETERMINED CIRCUMSTANCES ☐ 5  PENDING INVESTIGATION ☐ 6
**28. WAS CASE REFERRED TO CORONER OR MEDICAL EXAMINER?** NO ☐ YES ☐
**29A. AUTOPSY?** NO ☐ YES ☐
**29B. IF YES, WERE FINDINGS USED TO DETERMINE CAUSE OF DEATH?** NO ☐ YES ☐

CONFIDENTIAL  SEE INSTRUCTION SHEET FOR COMPLETING CAUSE OF DEATH  CONFIDENTIAL

**30. DEATH WAS CAUSED BY:** (ENTER ONLY ONE CAUSE PER LINE FOR (A), (B), AND (C).)
**PART I. IMMEDIATE CAUSE** (A) Metastatic adenocarcinoma colon
**APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH** (c) 1/28/93 - 11/17/93
**(B) DUE TO OR AS A CONSEQUENCE OF**
**(C) DUE TO OR AS A CONSEQUENCE OF**
**PART II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN PART I (A)**

**31A. IF INJURY DATE.** MONTH DAY YEAR
**31B. HOUR** m
**31B. LOCALITY** (City or town and county and state)
**31C. DESCRIBE HOW INJURY OCCURRED**

4C
4G
7A
7B
9
10
SI
25
30
31
31B
QR
QS
QCOD
CANCER

# Exhibit B

Certificate of Appointment

THE PEOPLE of the STATE of NEW YORK

To all to whom these presents shall come or may concern,

Send Greetings:

This is to Certify, That after having examined the records and

files of the Surrogate's Court of the County of Erie, State of New York,

now remaining in the Surrogate's office of said County of Erie; I find

that on January 28, 1994, LETTERS TESTAMENTARY of the Last Will and

Testament of:

NELSON M. HIRSCH

late of the VILLAGE OF WILLIAMSVILLE in said County of Erie, deceased,

were duly granted by the said Court to:

LINDA R. KISTKA

EXECUTOR(s) in said Will named and that said letters are still valid and

in full force.



IN TESTIMONY THEREOF, We have caused the seal

of our Surrogate's Court to be hereunto

affixed at the City of Buffalo, in

said County of Erie, on March 27, 1997

Paul J. Smaldone

PAUL J. SMALDONE

Chief Clerk of the Surrogate's Court

# Exhibit C

RETAINER STATEMENT

TO THE OFFICE OF COURT ADMINISTRATION
    OF THE STATE OF NEW YORK
    Post Office Box 2016
    New York, N.Y.  10008

For office use:

1. Date of agreement as to retainer:

    February 10, 1995

2. Date of occurrence of injury:

    Approximately, 1994

3. Term of compensation:

    1/3 percent contingency

4. Place of occurrence of injury:

    Vicinity of Pfohl Brothers Landfill - Toxic

5. Name and home address of client:

    Nelson Hirsch

6. Name and office address of attorney:

    Michael A. Ponterio, Esq.
    LIPSITZ, GREEN, FAHRINGER, ROLL, SALISBURY & CAMBRIA
    42 Delaware Avenue, Suite 300
    Buffalo, NY  14202-3901
    (716) 849-1333

7. This action or claim is for:

    Toxic Exposure

8. Name, address, and relationship of person referring client, and if client a personal
   friend, so state:

    N/A

Dated:    10th day of February, 1995

                              Yours, etc.


                              _____
                                  Signature of Attorney

                                  Michael A. Ponterio
                                  Typewritten Name of Attorney

                              LIPSITZ, GREEN, FAHRINGER, ROLL,
                              SALISBURY & CAMBRIA
                              42 Delaware Avenue, Suite 300
                              Buffalo, NY  14202-3901
                              (716) 849-1333

                                  8th   Dist   4th   Dept.    Erie   County

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

IN RE: PFOHL BROTHERS LANDFILL : MASTER FILE
              LITIGATION : 95-CV-0020A
 : *consent*
This Document Relates to: :

UNITED STATES DISTRICT COURT: :
WESTERN DISTRICT OF NEW YORK :

Linda Kistka C.A. 96-CV-395 :



Linda Kistka, Legal Representative :
of the Estate of Nelson M. Hirsch, :
Deceased :

        Plaintiff (s), :

vs. : ORDER OF ADEQUACY
 : OF SETTLEMENT
Westinghouse Electric Corporation, et al., : AND COMPROMISE

        Defendants. :
 : CIVIL ACTION NO.
 : 96-CV-395

    The Plaintiff herein, Linda Kistka, as Executrix of the Estate of Nelson M. Hirsch, Deceased,

by and through her attorney of record, having requested this Court to approve the adequacy of the

settlement for all claims asserted by Plaintiff, including the causes of action for the wrongful death

and pain and suffering of the Decedent, in the gross amount of $110,055.65 by Defendants American

Standard, Inc., Browning-Ferris Industries of New York, Inc., Browning-Ferris Industries, Inc.,

#-777

Allied Waste North America, Inc., Allied Waste Industries, Inc., Unifrax Corporation, The Carborundum Company, Curtiss Wright Corporation, DII Industries, LLC, successor to Dresser Industries, Inc., E.I. du Pont de Nemours and Company, Ford Motor Company, General Motors Corporation, Allied Waste Systems, Inc., Laidlaw Waste Systems, Inc., GSX Polymers, Inc., Litton Systems, Inc. (sometimes erroneously sued as Litton Industries, Inc.), New York State Electric & Gas Corporation, Occidental Chemical Corporation, Trico Products Corporation, Warner-Lambert Company LLC sued as Warner-Lambert Company, Waste Management of New York LLC, Waste Management of New Jersey, Inc., Howden Fan Company, f/k/a Buffalo Forge Company, Inc., ExxonMobil Oil Corporation, Goldman Titanium, Inc., formerly known as GCF, Inc., Chapin & Fagin Division, Viacom Inc. (successor to CBS Corporation f/k/a Westinghouse Electric Corporation), Burt Rigid Box, Inc., and Niagara Mohawk Power Corporation and to discontinue all such claims against aforesaid companies only; and, it appearing that such settlement, compromise and discontinuance is in the best interests of the Estate and its distributees;

Plaintiff requests that the Court approve a legal fee and reimbursement of case expenses to the attorneys as follows: Plaintiff's share of the attorneys' disbursements in the sum of $24,654.93 first be deducted from the gross settlement of $110,055.65, leaving a balance of $85,400.72; a fee of 33-1/3%, or $28,466.91 be allowed for the settlements from the aforementioned defendants, which would amount to fees and reimbursements to the attorneys totaling $53,121.84. Consequently, the net settlement proceeds available for distribution hereunder totals $56,933.81. It is,

ORDERED, ADJUDGED AND DECREED that Plaintiff Linda Kistka, as Executrix of the Estate of Nelson M. Hirsch, Deceased, is authorized and empowered to compromise, settle and discontinue the action against Defendants American Standard, Inc., Browning-Ferris Industries of New York, Inc., Browning-Ferris Industries, Inc., Allied Waste North America, Inc., Allied Waste

Industries, Inc., Unifrax Corporation, The Carborundum Company, Curtiss Wright Corporation, DII Industries, LLC, successor to Dresser Industries, Inc., E.I. du Pont de Nemours and Company, Ford Motor Company, General Motors Corporation, Allied Waste Systems, Inc., Laidlaw Waste Systems, Inc., GSX Polymers, Inc., Litton Systems, Inc. (sometimes erroneously sued as Litton Industries, Inc.), New York State Electric & Gas Corporation, Occidental Chemical Corporation, Trico Products Corporation, Warner-Lambert Company LLC sued as Warner-Lambert Company, Waste Management of New York LLC, Waste Management of New Jersey, Inc., Howden Fan Company, f/k/a Buffalo Forge Company, Inc., ExxonMobil Oil Corporation, Goldman Titanium, Inc., formerly known as GCF, Inc., Chapin & Fagin Division, Viacom Inc. (successor to CBS Corporation f/k/a Westinghouse Electric Corporation), Burt Rigid Box, Inc., and Niagara Mohawk Power Corporation for the gross settlement amount of $110,055.65. It is further,

ORDERED, ADJUDGED AND DECREED that such sum is authorized to be paid to Linda Kistka, as Personal Representative of the Estate of Nelson M. Hirsch, and Attorney of Record, Baron & Budd, P.C. and it is directed that the proposed net settlement proceeds as indicated above, be held in an interest-bearing escrow account for the benefit of the Plaintiff, pending this Court's approval as to allocation and distribution of plaintiff's proposed net settlement proceeds.

DATED: _Dec 8, 2004_

SO ORDERED:

_____

HON. LESLIE G. FOSCHIO
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK

# Exhibit E

PATTERN JURY INSTRUCTIONS

## A. LIFE EXPECTANCY TABLES

The source of this information is National Center for Health Statistics. Vital Statistics of the United States. 1989, vol II sec 6 Life Tables. Washington: Public Health Service. 1992.

APPENDIX A

## SECTION 6  ·  LIFE TABLES  ·  PAGE 12

Table 6-3. Expectation of Life at Single Years at Age, by Sex:
United States, 1989

| Age | Both sexes | Male | Female |
|---|---|---|---|
| 0 | 75.3 | 71.8 | 78.6 |
| 1 | 75.0 | 71.6 | 78.3 |
| 2 | 74.1 | 70.7 | 77.4 |
| 3 | 73.1 | 69.7 | 76.4 |
| 4 | 72.1 | 68.7 | 75.4 |
| 5 | 71.1 | 67.8 | 74.4 |
| 6 | 70.2 | 66.8 | 73.5 |
| 7 | 69.2 | 65.8 | 72.5 |
| 8 | 68.2 | 64.8 | 71.5 |
| 9 | 67.2 | 63.8 | 70.5 |
| 10 | 66.2 | 62.8 | 69.5 |
| 11 | 65.2 | 61.9 | 68.5 |
| 12 | 64.3 | 60.9 | 67.5 |
| 13 | 63.3 | 59.9 | 66.5 |
| 14 | 62.3 | 58.9 | 65.6 |
| 15 | 61.3 | 57.9 | 64.6 |
| 16 | 60.4 | 57.0 | 63.6 |
| 17 | 59.4 | 56.1 | 62.6 |
| 18 | 58.5 | 55.1 | 61.7 |
| 19 | 57.5 | 54.2 | 60.7 |
| 20 | 56.6 | 53.3 | 59.7 |
| 21 | 55.6 | 52.4 | 58.8 |
| 22 | 54.7 | 51.5 | 57.8 |
| 23 | 53.8 | 50.5 | 56.8 |
| 24 | 52.8 | 49.6 | 55.9 |
| 25 | 51.9 | 48.7 | 54.9 |
| 26 | 50.9 | 47.8 | 53.9 |
| 27 | 50.0 | 46.9 | 53.0 |
| 28 | 49.1 | 46.0 | 52.0 |
| 29 | 48.1 | 45.1 | 51.0 |
| 30 | 47.2 | 44.1 | 50.1 |
| 31 | 46.2 | 43.2 | 49.1 |
| 32 | 45.3 | 42.3 | 48.1 |
| 33 | 44.4 | 41.4 | 47.2 |
| 34 | 43.5 | 40.5 | 46.2 |
| 35 | 42.5 | 39.6 | 45.3 |
| 36 | 41.6 | 38.7 | 44.3 |
| 37 | 40.7 | 37.8 | 43.3 |
| 38 | 39.8 | 36.9 | 42.4 |
| 39 | 38.8 | 36.0 | 41.4 |
| 40 | 37.9 | 35.1 | 40.5 |
| 41 | 37.0 | 34.2 | 39.6 |

1173

PATTERN JURY INSTRUCTIONS

| Age | Both sexes | Male | Female |
|---|---|---|---|
| 42 | 36.1 | 33.3 | 38.6 |
| 43 | 35.2 | 32.5 | 37.7 |
| 44 | 34.3 | 31.6 | 36.7 |
| 45 | 33.4 | 30.7 | 35.8 |
| 46 | 32.5 | 29.8 | 34.9 |
| 47 | 31.6 | 28.9 | 34.0 |
| 48 | 30.7 | 28.1 | 33.1 |
| 49 | 29.8 | 27.2 | 32.2 |
| 50 | 28.9 | 26.4 | 31.3 |
| 51 | 28.1 | 25.6 | 30.4 |
| 52 | 27.2 | 24.7 | 29.5 |
| 53 | 26.4 | 23.9 | 28.6 |
| 54 | 25.6 | 23.1 | 27.7 |
| 55 | 24.7 | 22.3 | 26.9 |
| 56 | 23.9 | 21.5 | 26.0 |
| 57 | 23.1 | 20.8 | 25.2 |
| 58 | 22.3 | 20.0 | 24.4 |
| 59 | 21.6 | 19.3 | 23.5 |
| 60 | 20.8 | 18.6 | 22.7 |
| 61 | 20.1 | 17.9 | 21.9 |
| 62 | 19.3 | 17.2 | 21.1 |
| 63 | 18.6 | 16.5 | 20.4 |
| 64 | 17.9 | 15.8 | 19.6 |
| 65 | 17.2 | 15.2 | 18.8 |
| 66 | 16.5 | 14.5 | 18.1 |
| 67 | 15.8 | 13.9 | 17.4 |
| 68 | 15.2 | 13.3 | 16.6 |
| 69 | 14.5 | 12.7 | 15.9 |
| 70 | 13.9 | 12.1 | 15.2 |
| 71 | 13.2 | 11.5 | 14.5 |
| 72 | 12.6 | 10.9 | 13.8 |
| 73 | 12.0 | 10.4 | 13.2 |
| 74 | 11.5 | 9.9 | 12.5 |
| 75 | 10.9 | 9.4 | 11.9 |
| 76 | 10.3 | 8.9 | 11.3 |
| 77 | 9.8 | 8.4 | 10.7 |
| 78 | 9.3 | 8.0 | 10.1 |
| 79 | 8.8 | 7.5 | 9.5 |
| 80 | 8.3 | 7.1 | 9.0 |
| 81 | 7.8 | 6.7 | 8.4 |
| 82 | 7.4 | 6.3 | 7.9 |
| 83 | 6.9 | 6.0 | 7.4 |
| 84 | 6.5 | 5.6 | 7.0 |
| 85 | 6.2 | 5.3 | 6.6 |

1174

# Exhibit F

## LAST WILL AND TESTAMENT

### OF

### NELSON M. HIRSCH

I, NELSON M. HIRSCH, presently residing at Williamsville, New York, being of sound mind, declare this to be my Last Will and Testament.   I revoke all wills and codicils previously made by me.

### ARTICLE I
### FAMILY

**Section 1.**  My children are DAVID HIRSCH, PENNY BURKHARDT, LINDA KISTKA, MICKEY HUNT, MICHAEL HIRSCH, DIANE LEISING and JAY HIRSCH.

**Section 2.**  In addition to the above children, my deceased spouse had a child named SUSAN TAYLOR.  I deliberately make no provision in my will for her or her descendants for reasons personal to me.

### ARTICLE II
### DEFINITIONS

**Section 1.**  The terms "my child," "my children," "child of mine," or "children of mine" shall mean only those persons set forth above in Section 1 of Article I.

### ARTICLE III
### APPOINTMENT OF EXECUTOR

**Section 1.**  Whenever the word "Executor" is used in my will,

such word shall be held and taken to include both the singular and plural, and masculine and feminine gender thereof.

Section 2.  I appoint LINDA KISTKA as my Executor to administer this will.  In the event that she is unwilling or unable to act, then I appoint DIANE LEISING as Alternate Executor.  To the extent permitted by law, the above named persons shall serve without bond.

## ARTICLE IV
### EXPENSES AND DEATH TAXES

I direct my Executor to pay out of my residuary estate the following:

Section 1.  The expenses of my last illness, administration expenses, and all legally enforceable creditor claims.

Section 2.  All Federal estate taxes, state inheritance taxes and all other governmental charges imposed by reason of my death, without seeking reimbursement from or charging any person for any part of the taxes and charges paid.

Section 3.  If necessary, reasonable funeral expenses, including the cost, if any, of a suitable marker for my grave, without the necessity of an order of court approving the funeral expense.

## ARTICLE V
### DISTRIBUTION OF RESIDUE

I give the residue of my estate, whether real, personal or

-2-

mixed, in equal shares to my children, by right of representation.

## ARTICLE VI
### DIVISION OF PROPERTY

If two or more beneficiaries are entitled to an equal share or percentage of property distributed by the terms of my will then I direct them to divide the property among themselves as they may agree.   I request that they honor any intentions with regard to the distribution of this property that I may have expressed prior to my death.   If a substantially equal division of this property cannot be agreed upon within a reasonable time after my death, then I direct my Executor to divide the property and distribute it in substantially equal shares, or sell the property and distribute the proceeds in equal shares.   The determination of what constitutes a reasonable time within the meaning of this Article, and the decision whether or not to sell any property, shall be at the discretion of my Executor.

## ARTICLE VII
### SURVIVORSHIP REQUIREMENT

Unless otherwise specifically provided, a beneficiary of my will who fails to survive me by thirty (30) days shall be deemed to have predeceased me and shall not share in my estate.   The share of such beneficiary shall be distributed as directed by the provisions stated in my will.

## ARTICLE VIII
## POWERS AND DUTIES OF MY EXECUTOR

My Executor is authorized to perform any act which the applicable laws of the State of New York authorize an Executor or fiduciary to perform.

I sign my will this __3ʳᵈ__ day of __August__, 1993.

_Nelson M Hirsch_
NELSON M. HIRSCH

## STATEMENT OF WITNESSES

Each of the undersigned declares under penalty of perjury under the laws of the State of New York on this __3ʳᵈ__ day of __August__, 1993, that the following is true and correct.

**Section 1.** I am over the age of eighteen years and competent to be a witness to the will of NELSON M. HIRSCH.

**Section 2.** That NELSON M. HIRSCH, in my presence and in the presence of the other witness whose signature appears below:

A. Declared the foregoing instrument to be his will;

B. Requested me and the other witness to act as witnesses to his will and to make this statement; and

C. Signed such instrument.

**Section 3.** I believe NELSON M. HIRSCH is of sound mind, and that he has not acted under any duress, menace, fraud or undue

-4-

influence.

Section 4.   The other witness and I, in the presence of the Testator and of each other, now sign as witnesses to this will.


_Joan M Kuhn_ ──────── c/o UAW Legal Services Plan
4285 Genesee Street, Suite 3
Cheektowaga, New York 14225

_John P. Kasick_ ──────── c/o UAW Legal Services Plan
4285 Genesee Street, Suite 3
Cheektowaga, New York 14225

# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

——————————————————————————x

In the Matter of the Application of Linda R. Kistka
As Legal Representative of the Estate of Nelson M. Hirsch,
Deceased,

                                                         CIVIL ACTION NO. 96-CV-395
                                                         WAIVER & CONSENT

For Leave to Compromise Certain Causes of Action for
Wrongful Death and Conscious Pain and Suffering and
to Apportion, Receive and Distribute the Proceeds Thereof.
——————————————————————————X

     The undersigned, Cindy Gilbert, being over the age of 21 years, having been born on ██████ ████, and residing at ██████████████████████████████, being a person interested as a Voluntary Administrator of the Estate of Mickey J. Hunt, deceased daughter of decedent, hereby appears and waives the hearing under E.P.T.L 5-4.4 and the issuance and service of a citation in the above proceedings and consents to the following relief as requested in the Petition herein, a copy of which has been received by me:

     THAT one hundred percent (100%) or $110,055.65 of the gross settlement proceeds be allocated to the cause of action for wrongful death; and

     THAT the filing of a bond should be dispensed with, and that pursuant to the Order of Adequacy of Settlement and Compromise signed by this court on December 8, 2004, Baron & Budd, P.C. and Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP have been paid out of the proceeds of the settlement for the claims for wrongful death; the sum of $24,654.93 as and for disbursements; and the sum of $28,466.91as and for attorney's fees; and

     THAT pursuant to § 2307 SCPA and EPTL §5-4.4(b), said Petitioner makes a claim for statutory commissions in the amount of $2,846.69 and requests the waiver of the filing of a surety bond, and

     THAT the balance of the proceeds of the wrongful death settlement, to wit the sum of $54,087.12, should be distributed equally to those having sustained a pecuniary loss as follows:

          Linda R. Kistka         Penny E. Burkhardt
          Jay Hirsch            David Hirsch
          Diane Leising         Estate of Mickey J. Hunt
          Estate of Michael Hirsch

     THAT, the said Linda R. Kistka should be permitted to execute and deliver general releases and all other necessary papers to the defendants, or their representative, releasing them from all claims arising out of the aforesaid action for wrongful death and conscious pain and suffering, together with any other papers necessary to effectuate the said compromise.

DATED: _10/19/06_

_Cindy Gille_
Cindy Gilbert, Voluntary Administrator
Of the Estate of Mickey J. Hunt

STATE OF FLoRiDA )
COUNTY OF Highlands ) ss:

On the 19th day of Oct., 2006, before me personally came Cindy Gilbert, known to me to be the person who is described herein and who executed the foregoing instrument and she duly acknowledged that she executed same.

_Connie M. Ritchie_
Notary Public

CONNIE M. RITCHIE
Notary Public - State of Florida
My Commission Expires Mar 12, 2008
Commission # DD 505250
Bonded Thru National Notary Assn.

# OFFICE of VITAL STATISTICS

## CERTIFIED COPY

### CERTIFICATE OF DEATH
### FLORIDA

LOCAL FILE NO.

**1. DECEDENT'S NAME** — FIRST: MICKEY | MIDDLE: JEAN | LAST: HUNT

**2 SEX:** Female

**3. DATE OF DEATH (Month, Day, Year):** September 2, 1998

**4. SOCIAL SECURITY NUMBER:** (redacted)

**5a. AGE—Last Birthday (years):** 40 | **5b. UNDER 1 YEAR** Months Days | **5c. UNDER 1 Day** Hours Minutes

**6. DATE OF BIRTH (Month, Day, Year):** (redacted)

**7. BIRTHPLACE (City and State or Foreign Country):** Buffalo, New York

**8. WAS DECEDENT EVER IN U S ARMED FORCES? (Yes or No):** NO

**9a. PLACE OF DEATH (Check only one, see instructions on other side)**
HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA    OTHER: ☐ Nursing Home ☒ Residence ☐ Other (Specify)

**9b. INSIDE CITY LIMITS? (Yes or No):** NO

**9c. CITY, TOWN, OR LOCATION OF DEATH:** Lorida

**9e. COUNTY OF DEATH:** Highlands

**9c. FACILITY NAME (If not institution, give street and number):** 1716 Hicks Road

**10a. DECEDENT'S USUAL OCCUPATION:** Housekeeper

**10b. KIND OF BUSINESS/INDUSTRY:** Church

**11. MARITAL STATUS —Married, Never Married, Widowed, Divorced (Specify):** Divorced

**12. SURVIVING SPOUSE (If wife, give maiden name)**

**13a. RESIDENCE — STATE:** Florida

**13b. COUNTY:** Highlands

**13c. CITY, TOWN, OR LOCATION:** Lorida

**13d. STREET AND NUMBER:** (redacted)

**13e. INSIDE CITY LIMITS? (Yes or No):** NO

**13f. ZIP CODE:** (redacted)

**14. WAS DECEDENT OF HISPANIC OR HAITIAN ORIGIN? (Specify No or Yes — if yes, specify Haitian, Cuban, Mexican, Puerto Rican, etc.):** X — No ☐ Yes    Specify:

**15. RACE — American Indian, Black, White, etc Specify:** White

**16. DECEDENT'S EDUCATION (Specify only highest grade completed)** Elementary/Secondary (0–12): 12 | College (1–4 or 5 +)

**17. FATHER'S NAME (First, Middle, Last):** Nelson M. Hirsch

**18. MOTHER'S NAME (First, Middle, Maiden Surname):** Tina Patton

**19a. INFORMANT'S NAME (Type/Print):** Cindy Gilbert

**19b. MAILING ADDRESS (Street and Number or Rural Route Number, City or Town, State, Zip Code):** (redacted)

**20a. METHOD OF DISPOSITION**
☐ Burial ☒ Cremation ☐ Removal from State ☐ Donation ☐ Other (Specify)

**20b. PLACE OF DISPOSITION (Name of cemetery, crematory, or other place):** Highlands Crematory

**20c. LOCATION — City or Town, State:** Avon Park,,Florida

**21a. SIGNATURE OF FUNERAL SERVICE LICENSEE OR PERSON ACTING AS SUCH** ▶ (signature)

**21b. LICENSE NUMBER (of Licensee):** 1704

**21c. NAME AND ADDRESS OF FACILITY:** Stephenson-Nelson Funeral Home 2501 Fairmount Dr. Sebring, Florida

**22a.** To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) as stated. (Signature and Title) ▶

**22b. DATE SIGNED (Mo., Day, Yr.)** ▶ 9/3/98

**22c. HOUR OF DEATH:** 3:45 a M

**23a.** On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) and manner as stated. (Signature and Title) ▶

**23b. DATE SIGNED (Mo., Day, Yr.)** ▶

**23c. HOUR OF DEATH**

**22d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print)**

**23d. MEDICAL EXAMINER'S CASE #**

**24. NAME AND ADDRESS OF CERTIFIER (PHYSICIAN, MEDICAL EXAMINER) (Type or Print):** Dr. Donald Geldart    105 East Main Street, Avon Park, Florida 33825

**25a. SUBREGISTRAR — SIGNATURE AND DATE** ▶

**25b. LOCAL REGISTRAR — SIGNATURE:** Ruth D. Vause, Deputy

**25c. DATE REGISTERED:** Sept 4, 1998

VOID IF ALTERED OR ERASED

HRS Form ph: 99. (f ...ditions Obsolete)

THIS IS A CERTIFIED TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE

SEP 04 1998

BY (signature) CHIEF DEPUTY REGISTRAR    State Registrar

**WARNING:** THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY WATERMARKED PAPER AND CONTAINS SECURITY FIBERS. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARK. THE DOCUMENT FACE CONTAINS A MULTI-COLORED BACKGROUND AND GOLD EMBOSSED SEAL. THE BACK CONTAINS SPECIAL LINES WITH TEXT AND SEALS IN THERMOCHROMIC INK.

7322624

HRS FORM 1564A (9-96)

FLORIDA DEPARTMENT OF HEALTH

CERTIFICATION OF VITAL RECORD

## SURROGATE'S COURT OF THE STATE OF NEW YORK
## ERIE COUNTY

**File#:   2006-1541**

### CERTIFICATE OF VOLUNTARY ADMINISTRATION

IT IS HEREBY CERTIFIED that an affidavit for Voluntary Administration of the estate of the decedent named below was filed with the court and the Voluntary Administrator named below has been found qualified and is authorized to act as follows:

Name of Decedent:   **Mickey Jean Hunt**

Date of Death:   **SEPTEMBER 02, 1998**

Domicile of Decedent:   **Erie County**

Voluntary Administrator:   **Cindy L Gilbert**
Mailing Address:   ████████████

████ **(863)382-8142**

The Voluntary Administrator is only authorized to collect and receive the following personal property of the decedent:

**PORTION OF PERSONAL INJURY LAWSUIT OF NELSON MICHAEL HIRSCH         $7,726.73
OWED TO DECEDENT
FILED IN US DISTRICT COURT FOR WNY - FILE # 95-CV-0020A**

Date Affidavit Filed:   April 03, 2006
Date Certificate Issued:   April 24, 2006

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Erie Surrogate's Court at Buffalo, New York.

WITNESS, Hon.Barbara Howe, Judge of the Erie Surrogate's Court.

_____
Mary Dee Martoche, Chief Clerk
Erie Surrogate's Court

*This certificate is Not Valid Without the Raised Seal of the Erie Surrogate's Court*

MARY DEE MARTOCHE
Chief Clerk of the Surrogate's Court

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____x

In the Matter of the Application of Linda R. Kistka
As Legal Representative of the Estate of Nelson M. Hirsch,
Deceased,

                                        CIVIL ACTION NO. 96-CV-395
                                        WAIVER & CONSENT


For Leave to Compromise Certain Causes of Action for
Wrongful Death and Conscious Pain and Suffering and
to Apportion, Receive and Distribute the Proceeds Thereof.
_____X

        The undersigned, Linda Kistka,  being over the age of 21 years, having been born on ███████
███████ and residing at ████████████████████████████████████ being a person interested as a
Voluntary Administrator of the Estate of Michael Hirsch, deceased son of decedent, hereby appears and
waives the hearing under EPTL 5-4.4 and the issuance and service of a citation in the above proceedings
and consents to the following relief as requested in the Petition herein, a copy of which has been received
by me:

        THAT one hundred percent (100%) or $110,055.65 of the gross settlement proceeds be allocated
to the cause of action for wrongful death; and

        THAT the filing of a bond should be dispensed with, and that pursuant to the Order of Adequacy
of Settlement and Compromise signed by this court on December 8, 2004,  Baron & Budd, P.C. and
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP have been paid out of the proceeds of the
settlement for the claims for wrongful death; the sum of $24,654.93 as and for disbursements; and the
sum of $28,466.91as and for attorney's fees; and

        THAT  pursuant to § 2307 SCPA and EPTL §5-4.4(b), said Petitioner makes a claim for
statutory commissions in the amount of $2,846.69 and requests the waiver of the filing of a surety bond,
and

        THAT the balance of the proceeds of the wrongful death settlement, to wit the sum of
$54,087.12, should be distributed equally to those having sustained a pecuniary loss as follows:

            Linda R. Kistka              Penny E. Burkhardt
            Jay Hirsch                   David Hirsch
            Diane Leising                Estate of  Mickey J. Hunt
            Estate of Michael Hirsch

        THAT, the said Linda R. Kistka should be permitted to execute and deliver general releases and
all other necessary papers to the defendants, or their representative, releasing them from all claims
arising out of the aforesaid action for wrongful death and conscious pain and suffering, together with any
other papers necessary to effectuate the said compromise.

DATED: _____7/7/06_____

_Linda R Kistka_
Linda Kistka, Voluntary Administrator
Of the Estate of Michael Hirsch

STATE OF NEW YORK    )
COUNTY OF  Erie      ) ss:

On the ___7th___ day of __July__, 2006, before me personally came Linda Kistka,  known to me to be the person who is described herein and who executed the foregoing instrument and she duly acknowledged that she executed same.

_____
Notary Public

LINDA KENSINGER
Notary Public, State of New York
Qualified in Erie County
My Commission Expires __2/9/10_____

## SURROGATE'S COURT OF THE STATE OF NEW YORK
### ERIE COUNTY

**File#:   2006-1528**

## CERTIFICATE OF VOLUNTARY ADMINISTRATION

IT IS HEREBY CERTIFIED that an affidavit for Voluntary Administration of the estate of the decedent named below was filed with the court and the Voluntary Administrator named below has been found qualified and is authorized to act as follows:

Name of Decedent:      **Michael Nelson Hirsch**

Date of Death:      **JANUARY 09, 1996**

Domicile of Decedent:   **Erie County**

Voluntary Administrator:   **Linda R Kistka**
Mailing Address:           ███████████████████

                          **(716)634-2482**

The Voluntary Administrator is only authorized to collect and receive the following personal property of the decedent:

**PORTION OF PERSONAL INJURY LAWSUIT OF NELSON M. HIRSCH OWED TO      $7,726.73
DECEDENT
FILED IN US DISTRICT COURT FOR WNY - FILE # 95-CV-0020A**

Date Affidavit Filed:      April 24, 2006
Date Certificate Issued:   April 24, 2006

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of the Erie Surrogate's Court at Buffalo, New York.

WITNESS, Hon.Barbara Howe, Judge of the Erie Surrogate's Court.

_____
Mary Dee Martoche, Chief Clerk
Erie Surrogate's Court

*This certificate is Not Valid Without the Raised Seal of the Erie Surrogate's Court*

MARY DEE MARTOCHE
Chief Clerk of the Surrogate's Court

DOH 5010 (Rev. 1/91)
Chap 69 Wt Stats

STATE OF WISCONSIN
DEPARTMENT OF HEALTH AND SOCIAL SERVICES
ORIGINAL CERTIFICATE OF DEATH

STATE FILING DATE
STATE DEATH NO

64 D 207

LOCAL FILE NUMBER

**Type or Print**

1. DECEDENT'S NAME First: Michael    Full/Middle    Last: HIRSCH

2. SEX: XX    3. SOC. SEC. NUMBER OF DECEDENT

4a. PRONOUNCED DEAD DATE: January 9, 1996    4b. HOUR: 11:02 P.M. XX

5. DEATH OCCURRED INSIDE    CITY, VILL. TOWNSHIP: Tomah    6. COUNTY OF DEATH: Monroe

8a. DATE OF BIRTH (Mo. Day, Yr.)    8b. COUNTY OF BIRTH

11. HOSPITAL AND CAMPUS OR NURSING HOME: Veterans Administration Medical Center

13a. RESIDENCE — STATE: Wisconsin    13b. COUNTY: Rusk    13c. CITY, VILLAGE, TOWNSHIP: Weyerhauser

14. FATHER'S NAME: Nelson Hirsch

15. STATE OF BIRTH: New York    17. MOTHER'S NAME First: Tina    Last: Patton

19. HISPANIC ORIGIN Specify: No

20. RACE: White    22. EDUCATION: 12

23. DECEDENT'S USUAL OCCUPATION: Self-employed (Carpentry)    20f. KIND OF BUSINESS/INDUSTRY: Drywall Laborer

24a. INFORMANT'S NAME: David Hirsch

25. METHOD OF DISPOSITION: Cremation    28. PLACE OF DISPOSITION: Oak Grove Crematorium    Town: LaCrosse, WI

30a. FUNERAL SERVICE LICENSEE: 4912    200 W LICENSE NO

31. NAME AND MAILING ADDRESS OF FACILITY: WHITE FUNERAL HOME    721 McLean Avenue    Tomah, WI 54660

27. LOCATION City/Village/Town: LaCrosse, WI

NELSON
Nelson    None    2nd MARRIAGE: None

33. DATE OF DEATH (Mo. Day, Yr.): January 9, 1996

34. AUTOPSY PERFORMED? YES XX NO

35a. DATE SIGNED BY MUNICIPAL SERVICE CLERK: January 11, 1996

35b. DATE RECEIVED BY MUNICIPAL SERVICE CLERK: January 11, 1996

**MEDICAL CERTIFIER**

CERTIFYING PHYSICIAN

**IMMEDIATE CAUSE**

(a) Pneumonia

DUE TO OR AS A CONSEQUENCE OF:

(b) 

DUE TO OR AS A CONSEQUENCE OF:

(c) 

DUE TO OR AS A CONSEQUENCE OF:

(d) 

Interval between onset and death: 3-4 days

PART II: Cirrhosis liver

Jan. 12, 1996

IF INJURY, DESCRIBE HOW INJURY OCCURRED

Accident Coding

---

STATE OF WISCONSIN )
                    ) SS
COUNTY OF MONROE    )

This certificate has a raised seal.
It is illegal to reproduce this
certificate. (SS.69)

I, Vicky Jo Dutton, Register of Deeds in and for the State and County
aforesaid, do hereby certify that the above is a true copy of the record
on file in my office.

*Vicky Jo Dutton*

Vicky Jo Dutton, Register of Deeds

DATE: Jan 12, 1996

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

———————————————————————————— x

In the Matter of the Application of Linda R. Kistka
As Legal Representative of the Estate of Nelson M. Hirsch,
Deceased,

                                                     CIVIL ACTION NO. 96-CV-395
                                                     WAIVER & CONSENT

For Leave to Compromise Certain Causes of Action for
Wrongful Death and Conscious Pain and Suffering and
to Apportion, Receive and Distribute the Proceeds Thereof.
———————————————————————————— X

      The undersigned, David Hirsch, being over the age of 21 years, having been born on ▮▮▮▮▮ ▮▮▮▮ and residing at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ being a person interested as a son of the decedent, hereby appears and waives the hearing under E.P.T.L 5-4.4 and the issuance and service of a citation in the above proceedings and consents to the following relief as requested in the Petition herein, a copy of which has been received by me:

      THAT one hundred percent (100%) or $110,055.65 of the gross settlement proceeds be allocated to the cause of action for wrongful death; and

      THAT the filing of a bond should be dispensed with, and that pursuant to the Order of Adequacy of Settlement and Compromise signed by this court on December 8, 2004, Baron & Budd, P.C. and Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP have been paid out of the proceeds of the settlement for the claims for wrongful death; the sum of $24,654.93 as and for disbursements; and the sum of $28,466.91as and for attorney's fees; and

      THAT pursuant to § 2307 SCPA and EPTL §5-4.4(b), said Petitioner makes a claim for statutory commissions in the amount of $2,846.69 and requests the waiver of the filing of a surety bond, and

      THAT the balance of the proceeds of the wrongful death settlement, to wit the sum of $54,087.12, should be distributed equally to those having sustained a pecuniary loss as follows:

                  Linda R. Kistka             Penny E. Burkhardt
                  Jay Hirsch                   David Hirsch
                  Diane Leising             Estate of  Mickey J. Hunt
                  Estate of Michael Hirsch

      THAT, the said Linda R. Kistka should be permitted to execute and deliver general releases and all other necessary papers to the defendants, or their representative, releasing them from all claims arising out of the aforesaid action for wrongful death and conscious pain and suffering, together with any other papers necessary to effectuate the said compromise.

DATED: _8/28/06_

_(signature)_
David Hirsch

STATE OF NEW YORK          )
COUNTY OF  ERIE            ) ss:

On the __28th__ day of __August__, 2006, before me personally came David Hirsch,  known to me to be the person who is described herein and who executed the foregoing instrument and he duly acknowledged that he executed same.

_(signature)_
Notary Public

GARY M. SCHAFF
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 28, 20 0 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____x

In the Matter of the Application of Linda R. Kistka
As Legal Representative of the Estate of Nelson M. Hirsch,
Deceased,

                                        CIVIL ACTION NO. 96-CV-395
                                        WAIVER & CONSENT

For Leave to Compromise Certain Causes of Action for
Wrongful Death and Conscious Pain and Suffering and
to Apportion, Receive and Distribute the Proceeds Thereof.
_____X

    The undersigned, Jay Hirsch, being over the age of 21 years, having been born on ███████
and residing at ███████████████████████████ being a person interested as a son of the
decedent, hereby appears and waives the hearing under EPTL 5-4.4 and the issuance and service of a
citation in the above proceedings and consents to the following relief as requested in the Petition herein,
a copy of which has been received by me:

    THAT one hundred percent (100%) or $110,055.65 of the gross settlement proceeds be allocated
to the cause of action for wrongful death; and

    THAT the filing of a bond should be dispensed with, and that pursuant to the Order of Adequacy
of Settlement and Compromise signed by this court on December 8, 2004, Baron & Budd, P.C. and
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP have been paid out of the proceeds of the
settlement for the claims for wrongful death; the sum of $24,654.93 as and for disbursements; and the
sum of $28,466.91as and for attorney's fees; and

    THAT pursuant to § 2307 SCPA and EPTL §5-4.4(b), said Petitioner makes a claim for
statutory commissions in the amount of $2,846.69 and requests the waiver of the filing of a surety bond,
and

    THAT the balance of the proceeds of the wrongful death settlement, to wit the sum of
$54,087.12, should be distributed equally to those having sustained a pecuniary loss as follows:

            Linda R. Kistka            Penny E. Burkhardt
            Jay Hirsch                 David Hirsch
            Diane Leising              Estate of Mickey J. Hunt
            Estate of Michael Hirsch

    THAT, the said Linda R. Kistka should be permitted to execute and deliver general releases and
all other necessary papers to the defendants, or their representative, releasing them from all claims
arising out of the aforesaid action for wrongful death and conscious pain and suffering, together with any
other papers necessary to effectuate the said compromise.

DATED: 9-6-06

_____
Jay Hirsch

STATE OF NEW YORK          )
COUNTY OF ERIE             ) ss:

On the 6th day of September, 2006, before me personally came Jay Hirsch, known to me to be the person who is described herein and who executed the foregoing instrument and he duly acknowledged that he executed same.

_____
Notary Public

**GARY M. SCHAFF**
Notary Public, State of New York
Qualified in Erie County
My Commission Expires Feb. 28, 20 07

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____x
In the Matter of the Application of Linda R. Kistka
As Legal Representative of the Estate of Nelson M. Hirsch,
Deceased,

CIVIL ACTION NO. 96-CV-395
WAIVER & CONSENT

For Leave to Compromise Certain Causes of Action for
Wrongful Death and Conscious Pain and Suffering and
to Apportion, Receive and Distribute the Proceeds Thereof.
_____X

The undersigned, Penny E. Burkhardt, being over the age of 21 years, having been born on
███████ and residing at ███████████████████ being a person interested as a
daughter of the decedent, hereby appears and waives the hearing under E.P.T.L 5-4.4 and the issuance
and service of a citation in the above proceedings and consents to the following relief as requested in the
Petition herein, a copy of which has been received by me:

THAT one hundred percent (100%) or $110,055.65 of the gross settlement proceeds be allocated
to the cause of action for wrongful death; and

THAT the filing of a bond should be dispensed with, and that pursuant to the Order of Adequacy
of Settlement and Compromise signed by this court on December 8, 2004, Baron & Budd, P.C. and
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP have been paid out of the proceeds of the
settlement for the claims for wrongful death; the sum of $24,654.93 as and for disbursements; and the
sum of $28,466.91as and for attorney's fees; and

THAT pursuant to § 2307 SCPA and EPTL §5-4.4(b), said Petitioner makes a claim for
statutory commissions in the amount of $2,846.69 and requests the waiver of the filing of a surety bond,
and

THAT the balance of the proceeds of the wrongful death settlement, to wit the sum of
$54,087.12, should be distributed equally to those having sustained a pecuniary loss as follows:

Linda R. Kistka                    Penny E. Burkhardt
Jay Hirsch                         David Hirsch
Diane Leising                      Estate of Mickey J. Hunt
Estate of Michael Hirsch

THAT, the said Linda R. Kistka should be permitted to execute and deliver general releases and
all other necessary papers to the defendants, or their representative, releasing them from all claims
arising out of the aforesaid action for wrongful death and conscious pain and suffering, together with any
other papers necessary to effectuate the said compromise.

DATED: 8/23/06

_Penny Burkhardt_
Penny Burkhardt


STATE OF NEW YORK        )
COUNTY OF ERIE           ) ss:

On the 23 RD day of AUGUST, 2006, before me personally came Penny Burkhardt, known to me to be the person who is described herein and who executed the foregoing instrument and she duly acknowledged that she executed same.

_John M Thurston II_
Notary Public

JOHN M. THURSTON, II
Notary Public, State of New York
Qualified in Niagara County
My Commission Expires 1/31/06.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____x

In the Matter of the Application of Linda R. Kistka
As Legal Representative of the Estate of Nelson M. Hirsch,
Deceased,

CIVIL ACTION NO. 96-CV-395
WAIVER & CONSENT

For Leave to Compromise Certain Causes of Action for
Wrongful Death and Conscious Pain and Suffering and
to Apportion, Receive and Distribute the Proceeds Thereof.
_____X

   The undersigned, Diane Leising, being over the age of 21 years, having been born on ███████,
████, and residing at ███████████████████████████, being a person interested as a daughter
of the decedent, hereby appears and waives the hearing under E.P.T.L 5-4.4 and the issuance and service
of a citation in the above proceedings and consents to the following relief as requested in the Petition
herein, a copy of which has been received by me:

   THAT one hundred percent (100%) or $110,055.65 of the gross settlement proceeds be allocated
to the cause of action for wrongful death; and

   THAT the filing of a bond should be dispensed with, and that pursuant to the Order of Adequacy
of Settlement and Compromise signed by this court on December 8, 2004, Baron & Budd, P.C. and
Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP have been paid out of the proceeds of the
settlement for the claims for wrongful death; the sum of $24,654.93 as and for disbursements; and the
sum of $28,466.91 as and for attorney's fees; and

   THAT pursuant to § 2307 SCPA and EPTL §5-4.4(b), said Petitioner makes a claim for
statutory commissions in the amount of $2,846.69 and requests the waiver of the filing of a surety bond,
and

   THAT the balance of the proceeds of the wrongful death settlement, to wit the sum of
$54,087.12, should be distributed equally to those having sustained a pecuniary loss as follows:

| | |
|---|---|
| Linda R. Kistka | Penny E. Burkhardt |
| Jay Hirsch | David Hirsch |
| Diane Leising | Estate of Mickey J. Hunt |
| Estate of Michael Hirsch | |

   THAT, the said Linda R. Kistka should be permitted to execute and deliver general releases and
all other necessary papers to the defendants, or their representative, releasing them from all claims
arising out of the aforesaid action for wrongful death and conscious pain and suffering, together with any
other papers necessary to effectuate the said compromise.

DATED: *8-29-06*

*Diane Leising*
Diane Leising


STATE OF NEW YORK         )
COUNTY OF *Erie*          ) ss:

On the *29th* day of *August*, 2006, before me personally came Diane Leising, known to me to be the person who is described herein and who executed the foregoing instrument and she duly acknowledged that she executed same.

Notary Public

JACKIE MOTZ
Reg. No. 01MO6075538
Notary Public, State of New York
Qualified in Genesee County
My Commission Expires *6-10-2010*

UNITED STATES DISTRICT COURT OF THE STATE OF NEW YORK
COUNTY OF WESTERN DISTRICT OF NEW YORK

---

In the Matter of the Application for
WRONGFUL DEATH
in the Estate of HIRSCH, NELSON M.

                              Deceased.

                                                    WAIVER OF CITATION
                                                    AND CONSENT
                                                        INDEX NO.

---

**TO THE UNITED STATES DISTRICT COURT:**

The New York State Department of Taxation and Finance, by Salvatore J. Rico, District Tax Attorney, on behalf of the Commissioner of the New York State Department of Taxation and Finance, disagrees with the allocation of the settlement proceeds made by the decedent's representative in the wrongful death action.

HOWEVER, as the estate of the decedent will not be taxable for estate tax purposes even if all of the settlement proceeds were to be allocated to the pain and suffering of the decedent, the Commissioner of Taxation and Finance hereby waives the issuance and service of a citation in the above captioned proceeding and consents to the proceeding thereto.

Dated: Albany, New York

_____ 3o , 20o5                        New York State Department of
                                       Taxation and Finance
                                       Office of Counsel

                                       BY:
                                       _____
                                       Salvatore J. Rico,
                                       District Tax Attorney
                                       N.Y.S. Department of Taxation and Finance
                                       TTTB-Estate Tax Audit
                                       W.A. Harriman Campus
                                       Albany, NY 12227

                        **ACKNOWLEDGMENT**

STATE OF NEW YORK            )
                             )SS:
COUNTY OF ALBANY             )

     On the 30 day of Sept. , 2005 before me personally came Salvatore J. Rico, District Tax Attorney, to me known and known to me to be the individual described in and who executed the foregoing instrument and acknowledged to me that he executed the same.

_____
Notary Public
DONALD J. PHILLIS
Notary Public, State of New York
No. 4573846 Qualified in Montgomery County
Certificate Filed in Albany County
My Commission Expires August 21, 2006

**Direct all correspondence and any inquiries regarding your estate to:**
Diana Eckler, NYS Department of Taxation & Finance
TTTB - Estate Tax Audit - Waiver of Citation Unit
W.A. Harriman Campus
Albany, NY 12227
Hours 7:00a.m.-3:00p.m.Tel.(518)457-6598,Fax(518)457-6204